IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In the Matter of:

ISLEY, JAMIE L.

                    Debtors

JUDGE RUSS KENDIG
Chapter 7
Case No.: 21-60889

**OBJECTION TO AMENDED EXEMPTION CLAIMED BY DEBTOR**

Now comes Josiah L. Mason, Trustee herein, and objects to the amended exemption claimed by the Debtor for Funds Held in Garnishment under O.R.C. 2329.66(A)(18) for the reason that it was not timely filed and that Debtor is estopped from claiming the exemption as amended.

/s/ Josiah L. Mason
Josiah L. Mason, Attorney for Trustee
153 W. Main Street, P O Box 345
Ashland, OH 44805
Ph: 419/289-1600
Facsimile: 419/281-6530
Email: jlmasontrustee@joemasonlaw.com

**CERTIFICATE OF SERVICE**

I, Josiah L. Mason, Trustee, hereby certify that the foregoing Objection was electronically transmitted on or about October 6, 2021 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

Rebecca K. Hockenberry  Rebecca@attyTH.com, r62556@notify.bestcase.com;tanya@attyTH.com
United States Trustee  (Registered address)@usdoj.gov

And to the following by Ordinary U. S. Mail:
Jamie L. Isley, 1970 Farmdale Road, Mansfield OH 44905

/s/ Josiah L. Mason
Josiah L. Mason, Attorney for Trustee

# MEMORANDUM

It is clear that the Debtor did not claim the exemption objected to by the Trustee in the original Petition filed with the Court. It appears that the Debtor and her Counsel would have known about the garnishment prior to the filing of the Petition, and the garnishment was also discussed at the 341 meeting.

Furthermore, the garnishment was listed in the schedules on Statement of Financial Affairs, Item 10 as "Landmark Financial Services - Property was garnished - $0.00 value". While it was claimed that the property garnished had a zero value, it was clear that it had an actual value, as the Trustee received $1,208.92 on demand.

The Debtor then waited until after the Trustee had received the monies from the creditor to make her claim for exemption in said funds. The Trustee had already expended time and effort in contacting the creditor and obtaining the funds with the knowledge that there was no claim for exemption. The Debtor is therefore estopped from making a claim.

The simple definition of "estoppel" is set forth in 28 AmJur 2nd, Section 2, Page 463-464, which reads as follows:

> "Estoppel is the preclusion, by acts or conduct, from asserting a right that might otherwise have existed to the detriment and prejudice of another, who, in reliance on such acts and conduct, has acted thereon."

/s/ Josiah L. Mason
Josiah L. Mason, Attorney for Trustee