**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

Dated: 11:01 AM December 7, 2021

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JAMIE L. ISLEY, | ) | CASE NO. 21-60889 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |

Now before the court is the Chapter 7 Trustee ("Trustee")'s objection to Debtor's claim of exemption.

The court has subject matter jurisdiction over this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Plaintiff filed for bankruptcy under chapter 7 on June 24, 2021 and included a garnishment from a loan on her statement of financial affairs. Shortly after filing her chapter 7 petition, she filed a notice of bankruptcy with the state court overseeing the garnishment and the garnishing creditor filed a release of garnishment shortly thereafter. However, Debtor later discovered that the state court had issued a check for $1,233.58, the amount of garnished funds held by the court to the creditor. When Debtor contacted the creditor's attorney asking for the

1

funds back, she was informed that the creditor had given the money to Trustee. Trustee then refused to return the funds to Debtor. Debtor then amended her schedules A/B and C to include the garnished funds and applied a state-law exemption.[1]

Trustee objected to this exemption, arguing that Debtor should be estopped from claiming the exemption because Debtor waited too long to claim it until after Trustee had gone to the effort of obtaining the funds from the creditor. In her response, Debtor argued that she was not estopped from claiming the exemption because the case had not yet been closed and that courts lacked the power to disallow exemptions for equitable reasons like estoppel.

## DISCUSSION

Debtor was within her rights to claim the exemption. Bankruptcy Rule 1009(a) provides that a schedule "may be amended by the debtor as a matter of course at any time before the case is closed," so there is no issue with Debtor amending her schedules after Trustee refused to return the garnished funds. Fed. R. Bankr. P. 1009(a); *See also* In re Daniel, 205 B.R. 346, 348 (Bankr. N.D. Ga. 1997) ("The broad right to amend, together with the underlying policies of the bankruptcy system, undermines any judicial estoppel argument in a Chapter 7 case."). Further, the Supreme Court has held that "federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." Law v. Siegel, 571 U.S. 415, 425 (2014). The Sixth Circuit has interpreted "grounds not specified in the code" to include equitable powers such as estoppel. *See* Ellmann v. Baker (In re Baker), 791 F.3d 677, 683 (6th Cir. 2015) ("under Siegel, bankruptcy courts do not have authority to use their equitable powers to disallow exemptions or amendments to exemptions due to bad faith or misconduct."). Therefore, it would be inappropriate to apply the equitable doctrine of estoppel here to disallow the exemption.

Accordingly, Trustee's objection is overruled, and an order will be entered immediately.

#     #     #

---

[1] Specifically, she claimed an exemption for "[t]he person's aggregate interest in any property, not to exceed one thousand seventy-five dollars . . ." under Ohio Rev. Code Ann. § 2329.66(A)(18).

2

**<u>Service List</u>**

Jamie L. Isley
1970 Farmdale Road
Mansfield, OH 44905

Rebecca K. Hockenberry
Kick and Gilman
133 South Market Street
Loudonville, OH 44805

Josiah L. Mason, Trustee
153 W Main Street
P.O. Box 345
Ashland, OH 44805-2219

3